UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

O'Neal Taylor Session,  CASE NO. 18-4762-JCO
    Debtor.  Chapter 13

_____

O'Neal Taylor Session,
    Plaintiff,

v.  ADV. PROC. NO. 18-65-JCO

American Honda Finance Corporation,

    Defendant.

_____

O'Neal Taylor Session,
    Plaintiff,

v.  ADV. PROC. NO. 19-1050

Hideo Moore,
    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEBTOR'S MOTION TO STAY DISMISSAL ORDER

This matter came before the Court November 17, 2020, for the continued telephonic hearing of Debtor's Motion to Stay Dismissal Order (the "Debtor's Motion"). (Case No. 18-4762, Doc. 158; AP Case No. 18-65, Doc. 128; AP Case No. 19-1050, Doc. 20). Appearances were noted by *pro se* Debtor, O'Neal Session, Attorney Brooke Sanchez as counsel for American Honda, Attorney Jeffery Hartley as counsel for the Chapter 13 Trustee Daniel B. O'Brien and Mark Zimlich, the Bankruptcy Administrator.

1

The Court previously commenced the hearing of this matter on October 20, 2020 and continued the setting to allow the Debtor additional time to file documentation.  No additional documentary evidence was submitted by the Debtor in support of her motion.  Upon consideration of the pleadings, matters of record and statements of the parties at the hearings, this Court finds that there is no basis to further stay the pending proceedings. Accordingly, the Debtor's Motion is due to be and is hereby DENIED for the following reasons:

## **JURISDICTION**

This Court has jurisdiction over the Proceedings and the Motion for Stay pursuant to §28 U.S.C. §1334 and the Order of Reference of the District Court dated August 25, 2015.

## **PROCEDURAL HISTORY AND FINDINGS OF FACT**

Debtor, O'Neal Session ("Session")  filed a Chapter 13 bankruptcy petition  (Case No. 18-4762) on November 23, 2018. Session's bankruptcy schedules reflect that at the time of filing, she owned no real property and her only asset was a 2015 Honda Civic (hereinafter "the Civic").   Honda Financial Corporation ("Honda") was listed as Debtor's sole creditor holding a perfected security interest in the Civic. (Case No. 18-4762, Doc. 9-1 at 13).  After the bankruptcy filing and in violation of the automatic stay, Honda repossessed the Civic and subsequently disposed of it.  On December 12, 2018, Session instituted an Adversary Proceeding (the "Stay Adversary") against Honda (AP Case No 18-65, Doc. 1) seeking redress for violation of the automatic stay. Thereafter, she filed a Motion for Partial Summary Judgment (AP Case No. 18-65, Doc.17 ). This Court entered a Memorandum Opinion and Order Granting Session's Motion for Partial Summary Judgment on liability. (AP Case No. 18-65, Doc. 62 ).  A Scheduling Order

2

was entered setting a trial on the remaining issue of damages for May 24, 2019.(AP Case No. 18-65, Doc.65).

On May 1, 2019, Session filed an Objection to Entry of a Final Order by the Bankruptcy Court in the Stay Adversary. (AP Case No. 18-65, Doc.74). This Court overruled Session's Objection and entered an Order finding that the Stay Adversary was a core proceeding over which it had jurisdiction to enter a final order.(AP Case No. 18-65, Doc. 86). Four days before the trial setting, on May 20, 2019, Session filed a Motion to Withdraw the Reference in the Stay Adversary. (AP Case No. 18-65, Docs. 101, 102). As a result, this Court stayed the Stay Adversary at Session's request, until the District Court rendered a decision on the Motion to Withdraw the Reference. (AP Case No. 18-65 Doc. 108). Session filed a second adversary proceeding (the "Moroe Adversary") on October 10, 2019, against Honda and Hideo Moroe, an alleged principal thereof, (AP Case No. 19-1050). The Moroe Adversary was also stayed pending the decision of the District Court at Session's request.

On November 6, 2019, during the stay of the adversary proceedings, the Chapter 13 Trustee filed an Objection to Confirmation and Motion to Dismiss the Debtor's underlying bankruptcy (the "Trustee's Motion"). (Case No. 18-4762. Doc. 139). The Trustee's Motion was based upon the lack of any assets or claims to administer as Honda, Session's sole creditor, had, subsequent to the Stay Adversary, reduced its proof of claim to zero and indicated it did not seek to collect any debt from Session. This Court granted the Trustee's Motion to Dismiss Session's chapter 13 bankruptcy (Case No. 18-4762, Doc. 147) pre-confirmation on November 15, 2019 after the bar date had passed and there being no claims to be paid and no assets to administer through a Chapter 13 plan. Thereafter, Session filed a Motion to Stay Dismissal Order for Direct

3

Appellate Review. (Case No. 18-4762, Doc.150). This Court granted Session's request to stay the Dismissal Order. (Case No. 18-4762, Doc. 154.).

The District Court entered an Order November 12, 2019 denying Session's Motion to Withdraw the Reference as well as her Motions to certify questions to the Supreme Court of Alabama and the Eleventh Circuit Court of Appeals.[1] (AP Case No. 18-65, Doc. 118). There is no evidence before the Court to establish that Session ever made a proper appeal, direct or otherwise, of the dismissal of the underlying Chapter 13 bankruptcy. However, Session's did appeal the District Court's refusal to withdraw the reference to the Eleventh Circuit Court of Appeals. The Circuit Court summarily dismissed Session's appeal *sua sponte* explaining it lacked jurisdiction to review the District Court's order denying her motion for withdrawal of the reference and motion to certify because it was a non-final decision. (AP Case No. 18-65, Doc. 123). Further, the Circuit Court's order addressed the ineffectiveness of Session's effort to challenge the dismissal of her Chapter 13 bankruptcy stating in part, ". . . To the extent Session is attempting to appeal the bankruptcy court's November 12, 2019 dismissal of her Chapter 13 proceedings, we lack jurisdiction to hear a direct appeal from that order and Session did not obtain the appropriate certification that would permit us to hear a direct appeal from that order…." (AP Case No. 18-65, Doc. 123 at 2).

Thereafter, this Court returned the pending matters to its docket and set a status hearing. Again, Session moved to stay the proceedings. (AP Case No. 18-65, Doc. 128; Case No. 18-4762, Doc. 150). There is no evidence before the court that Session has a presently pending appeal or the availability of an appeal at this time.

---

[1] The District Court Order adopted the Bankruptcy Court's Report and Recommendation. (Case No. 18-65, Doc. 114).

## CONCLUSIONS OF LAW

The issue presented is whether Session is entitled to an order staying the pending adversary proceedings and prior dismissal of her Chapter 13 case. Session's Motion to Stay Dismissal Order (Case No. 18-4762, Doc.150; AP Case No 18-65, Doc.128) states that she seeks relief pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) which provides as follows:

> . . . **(a) Initial motion in the Bankruptcy Court**
> **(1) In general**
> Ordinarily, a party must move first in the bankruptcy court for the following relief:
> **(A)** a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
> **(B)** the approval of a bond or other security provided to obtain a stay of judgment;
> **(C)** an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
> **(D)** the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e). . . .

*Fed R. Bankr. P* 8007 (a)(1(A).

### *A Stay of Proceedings Is An Extraordinary Remedy*

This Court has previously recognized well-settled law that granting a stay pursuant to Bankruptcy Rule 8007 is an "extraordinary remedy". *In re Breland*, No. 16-2272-JCO, 2017 WL 4857420 (Bankr. S.D. Ala. Oct. 25, 2017); *see also Nken v. Holder*, 556 U.S. 418, 427, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)( A stay pending appeal is "an intrusion into the ordinary process of administration and judicial review ... and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant.); *In re Special Proceedings*, 840 F.

Supp. 2d 370, 374 (D.D.C. 2012)(The decision as to whether to issue a stay is left to the Court's discretion and the party seeking the stay bears a "heav[y] burden of justify[ing] the court's exercise of such an extraordinary remedy"); *accord. Landis v. N. Am. Co.*, 299 U.S. 248, 255-56, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Kuri v. Edelman*, 491 F.2d 684 (7th Cir. 1974)(The imposition of a stay pending appeal is an "extraordinary remedy" and the movant must satisfy stringent requirements to demonstrate that a stay is warranted).

In order to prevail on a motion to stay under Rule 8007, the movant must clearly establish four elements: (1) likelihood of success on the merits of the appeal; (2) movant will suffer irreparable harm if a stay is not granted; (3) no substantial harm to other interested parties and (4) in circumstances in which the public interest is implicated, the issuance of a stay will serve, rather than disserve the public interest. *In re Gaddy*, No. 17-1568-HAC, 2020 WL 6065177 (Bankr. S.D. Ala. May 7, 2020)(citing *In re Woide*, 730 F. App'x 731, 737 (11th Cir. 2018) ; *In re Veros Energy, LLC,* No. AP 16-70021-JHH, 2018 WL 2676068, (Bankr. N.D. Ala. June 1, 2018)(citing *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000); *See also In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

<u>*Movant Did Not Show a Likelihood of Success on Appeal*</u>

Courts have held that the first factor, likelihood of success on appeal, is the most important in deciding whether to stay a proceeding. *In re McIntyre Building Co.*, 2011 WL 1434691 (Bankr. M.D. Ala. Apr. 14, 2011)(citing *Jet Networks FC Holding Corp. v. Goldberg,* 2009 WL 1616375, (S.D. Fla. Jun.9, 2009)( a finding likelihood of success on the merits is a prerequisite for granting the stay); see also *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986). The appellant must normally show that likelihood of success on the merits is probable. *In re Forest Oaks, LLC,* 2010 WL 1904340 (citing *Garcia–Mir v. Meese,* 781 F.2d

6

1450, 1453 (11th Cir.1986)); *see also In re Rabin,* 2007 WL 1098785 (Bankr.S.D.Fla.Apr.9, 2007); *In re Arnal,* 2003 WL 22709326 (Bankr.S.D.Ga. Jul.30, 2003).

Session has not met the threshold requirement to obtain a stay of the proceedings as the facts do not establish that she has an appeal pending, nor could she file a timely appeal, or that she would have a likelihood of success in pursuing an appeal at this juncture. The District Court denied Session's Motion to Withdraw the Reference as well as her Motions to certify questions to the Supreme Court of Alabama and the Eleventh Circuit Court of Appeals. (AP 18-65, Doc. 118). Thereafter, the Eleventh Circuit dismissed Session's appeal reasoning that it lacked jurisdiction to review the District Court's order denying her motion seeking withdrawal of reference and motions to certify questions because it was a non-final decision. (AP 18-65, Doc. 123). Despite Session's assertion that she would be successful on appeal of the Chapter 13 dismissal, the Circuit Court's order held otherwise. Specifically, the Circuit Court's Order states in pertinent part, "To the extent Sessions is attempting to appeal the bankruptcy court's November 12, 2019 dismissal of her Chapter 13 proceeding, we lack jurisdiction to hear a direct appeal from that order and Session did not obtain the appropriate certification that would permit us to hear a direct appeal from that order." (AP 18-65, Doc. 123)(citing 28 U.S.C. §158(d)(2) and *City National Bank of Miami v. General Coffee Corp.*, 758 F.2d 1406, 1408-09 (11th Cir 1985) for the proposition that orders of the bankruptcy court are not generally directly appealable to the Circuit Court).

Although Session seemingly contends that dismissal of her chapter 13 bankruptcy was somehow improper, the underlying bankruptcy was dismissed in November 2019 and the time to appeal has expired. Additionally, allowing a chapter 13 reorganization bankruptcy to persist, when there are no debts or assets yields no benefit to the Debtor or Creditors and fails to comport

7

Case 18-00065    Doc 136    Filed 11/25/20    Entered 11/25/20 12:42:20    Desc Main
Document      Page 7 of 11

with the purpose and spirit of the Bankruptcy Code. After continuing the initial setting to allow Session further opportunity to provide additional evidence in support of her motion, no such evidence was submitted. Session has not shown that she has an appeal pending, that she has present ability to seek an appeal or that any such appeal would have a likelihood of success. Therefore, based on the forgoing, Session failed to meet her burden of establishing that a likelihood of success on the merits is probable. Although the Court's findings herein on this factor are essentially dispositive, the Court will nonetheless address the additional factors for the benefit of the parties.

*Movant Has Not Established She Will Suffer Irreparable Harm If A Stay Is Not Granted*

"An injury is irreparable only if it cannot be undone through monetary remedies.. . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *In re McIntyre Bldg. Co .Inc.*, 2011 WL 1434691 (Bankr. M.D. Ala. 2011)(citing *In re Advanced Telecommunication Network, Inc.,* 2011 WL 722766 at 3 (citing *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir.1987) (quoting *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974))). Moreover, "[t]he irreparable harm must be neither remote nor speculative, but actual and imminent." *Id.* (quoting *In re Lickman,* 301 B.R. at 748 (internal quotations omitted) (citation omitted)).

Session has not demonstrated that she will suffer irreparable harm if a stay of the proceedings is not granted. Session's chapter 13 bankruptcy was dismissed pre-confirmation on the Trustee's Motion because upon expiration of the bar date, there were no assets, claims or debts to administer. The only property which the Debtor previously owned, the Civic, had already been repossessed and sold and Honda had reduced its claim to zero. Hence, the dismissal of the Chapter 13 bankruptcy did not subject Session to collection activities or

jeopardize any property then in her possession. Further, Session had already instituted adversary proceedings for violation of the automatic stay which remained pending, although stayed at her request. Hence, the dismissal of the Chapter 13 proceeding did not deprive Session of a remedy for violation of the automatic stay. The only remedy available to Session is monetary. Such remedy must compensate her for the repossession and disposition of her vehicle post-petition. It is puzzling to the Court why Session seeks to further suspend the trial of damages which this Court initially set for May 24, 2019, as it is the granting of a stay, not the denial thereof, that would unnecessarily prolong adjudication of Session's claims. Hence, Session has not shown that she will suffer irreparable harm if a stay is not granted.

### *Potential Harm To Other Parties Inconclusive*

Some courts have noted that significant delay in the administration of an estate satisfies the criterion of harm to other parties. *In re Gaddy*, 2020 WL 6065177 (Bankr. S.D. Ala. 2020)(citing *In re F.G. Metals*, 390 B.R. 467 (Bankr. M.D. Fla. 2008). That is because staying proceedings can delay distributions to creditors, evidence can be lost and witnesses can become unavailable. However, since Session has no creditors, detriment to the Estate is not applicable. Although the Court presupposes that delay would likely be prejudicial to the adversary defendants, there is insufficient evidence before the Court as to what if any harm may inure to the defendants should the matters be prolonged further by a stay. Hence, the Court is unable to reach a conclusion on this factor and therefore considers it neutral.

### *Unwarranted Delay Is Contrary To Public Interest*

It is generally recognized that the timely and efficient administration of court proceedings serves the public interest and there is a "great public policy" in ensuring bankruptcy cases continue to an orderly and efficient resolution. *In re McIntyre Building Co.*, 2011 WL 1434691

9

(Bankr. M.D. Ala. Apr. 14, 2011)(citing *In re F.G. Metals, Inc.,* 390 B.R. 467, 478 (Bankr.M.D.Fla.2008) (citing *In re Lickman,* 301 B.R. at 749 (quoting *In re Bankruptcy Appeal of Allegheny Health. Education and Research Foundation,* 252 B.R. 309, 331 (W.D.Pa.1999)).

This Court agrees with decisions recognizing that the prompt and efficient resolution of cases is in the public interest. Such goal is not served by unnecessarily prolonged litigation. Although the proceedings sought to be stayed involve only limited parties, public policy concerns dictate that the Court ensure sufficient basis exists for staying litigation. Unwarranted delay and appeals have the potential to burden courts, needlessly occupy dockets, waste limited judicial resources and prejudice litigants. As referenced above, Session's prior request to withdraw the reference and for appellate review were denied and Session has not presented sufficient evidence to establish that she has an existing appeal or right of appeal at this time.

Further, allowing an individual with no assets, owing no debts at the time of confirmation to remain in a chapter 13 bankruptcy would serve no logical purpose. The objective of a chapter 13 case is to allow a debtor to reorganize financial obligations and obtain a "fresh start" which simply does not apply to someone who has no debts. The public interest is best served when the integrity of the court system is maintained by consistent application of the law in a prompt and judicious manner. In this case, delay is not warranted and would be contrary to the public interest in the efficient use of judicial resources. Hence, public policy concerns further support denying Session's request to stay the proceedings.

## CONCLUSION

Therefore, based on the foregoing, as Session's Motion to Stay is Denied, the Adversary Proceedings shall proceed in due course. Adversary Proceeding No. 18-65 shall be set for an

10

Case 18-00065    Doc 136    Filed 11/25/20    Entered 11/25/20 12:42:20    Desc Main
Document    Page 10 of 11

evidentiary hearing on damages as they are alleged in the Motion for Partial Summary Judgment. The Debtor and Counsel for Honda are hereby ORDERED to confer, discuss mutually agreeable evidentiary hearing dates and be prepared to advise the Court of the same no later than December 15, 2020. Further, as the Defendant's Motion to Dismiss Adversary Proceeding No. 19-1050 is pending, such Motion shall be heard telephonically on December 15, 2020 at 10:31 a.m. or as soon as practicable at the end of the docket. Any response to Defendant's Motion to Dismiss, supplemental pleadings, exhibits or legal briefs sought to be considered at the hearing shall be filed no later than December 11, 2020.

    Dated: November 25, 2020

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE