UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

O'NEAL TAYLOR SESSION,

Plaintiff,

v.  ADV. PROC. NO. 18-65-JCO

AMERICAN HONDA FINANCE CORPORATION,

Defendant.

## MEMORANDUM OPINION AND ORDER
## AWARDING DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

This matter came before the Court on April 15, 2021, for a trial on damages ("April 15 Setting") pursuant to this Court's Order of March 18, 2021. (Doc. 163). Appearances were noted by Attorneys Kent McPhail and Brooke Sanchez as counsel for American Honda Finance Corporation; Attorney Mark Zimlich as the Bankruptcy Administrator; Attorney Jeffery Hartley as counsel for the Chapter 13 Trustee and Marc Daugherty, as Honda Bankruptcy Supervisor. Despite adequate notice, the Plaintiff, O'Neal Taylor Session ("Session") failed to appear.[1] Having considered the pleadings, testimony, exhibits, record of the proceedings[2] and arguments

---

1 Extraordinary lengths were employed to afford Session the opportunity to participate and prove her damages. Specifically, the Scheduling Order (Doc.154) and the Order Setting Trial Procedures (Doc. 163) were sent to numerous addresses which Session has used during the pendency of the Proceedings including the addresses she provided on: (1) her initial pleading in this Adversary (doc.1); (2) her most recent filing in this Adversary (Doc. 141) and (3) her Chapter 13 Petition. (Doc. 1, Case No. 18-4762 (Bank. S.D. Ala)). Although some of the mailed notices were undeliverable, electronic notices were also transmitted to the e-mail address Session provided and were not returned. Further, pursuant to Bankr. Rule 4002 (a)(5), it is incumbent on Session to file a statement of any change of her address with the Court, if applicable.

2 For ease of reference herein, Session's initial Chapter 13 Bankruptcy Proceeding, *In re Session*, Case No18-4762 (Bankr.S.D. Ala.) is referenced as Case No. 18-4762 and referred to as "Chapter 13" and the above-styled case, *O'Neal Taylor Session v. American Honda Finance Corporation*, is referenced as AP No. 18-65 and referred to as "Adversary"). Collectively the two matters are referred to as "the Proceedings".

1

of counsel, the Court finds that an award of $4996.20 in favor of Session against Honda for violation of the automatic stay is appropriate for the following reasons:

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E) and this Court has subject matter jurisdiction over 11 U.S.C. §362(k) claims and the authority to enter a final order.

## PROCEDURAL HISTORY AND FINDINGS OF FACT

O'Neal Taylor Session ("Session") filed a Chapter 13 bankruptcy ("Chapter 13") on November 23, 2018 ("Petition Date") (Bankr. S.D. Ala. 18-4762). There is no dispute that American Honda Finance Corporation ("Honda") repossessed Session's 2015 Honda Civic ("Vehicle") approximately twelve (12) days post-petition on December 5, 2018. (Doc. 1 at 5 ⁋14). On April 8, 2019, this Court entered a Memorandum Opinion and Order ("2019 Order") in this Adversary, granting Session's Motion for Partial Summary Judgment (Doc. 62), holding that Honda violated the automatic stay by repossessing the Vehicle. The 2019 Order set a future hearing date for Session to prove damages; however, such determination has been considerably delayed as a result of Session's actions including her unsuccessful motion to withdraw the reference, failed appellate efforts and requests to stay these proceedings. Since such matters have now been disposed, the sole issue of damages is ripe for adjudication.[3]

---

[3] At the outset of the hearing, Honda's Counsel made an oral motion to dismiss this Adversary with prejudice based upon Session's failure to appear. Although this Court recognizes it has the power to dismiss an action for failure to prosecute or obey a court order, it also acknowledges

Despite Session's failure to participate in the hearing to prove damages and her blatant disregard of prior orders directing her to appear, this Court has sufficient information before it to render an award of damages for Honda's stay violation. Specifically, the Court finds it appropriate to consider the record in this proceeding and take judicial notice of the filings in Session's underlying Chapter 13. (Case No. 18-4762, Bankr. S.D. Ala.). Session's Chapter 13 Schedule A valued the Vehicle at $7675.00. (*Id.,* Doc.9-1 at 2, ¶3.1). Session's schedule D listed Honda as a secured Creditor holding a lien on the Vehicle and her creditor's matrix provided notice to Honda of her Chapter 13 bankruptcy filing. (*Id.*, Doc.1 at 9). Further, the record reflects that on December 12, 2018 Session served Honda with a copy of the complaint in this adversary alleging violation of the stay and seeking immediate turnover of the vehicle. (Doc. 2). There is no dispute that Honda failed to return the vehicle to Session.

The testimony of Marc Daugherty, ("Daugherty") Honda's bankruptcy supervisor, presented at the April 15th hearing, established that as of the Petition Date, Honda valued the Vehicle at $9700.00 and the balance owing on the secured debt to Honda was $8450.95. Although there was no dispute that notice of Session's Chapter 13 bankruptcy was sent to Honda at the address on the creditor's matrix or that Session thereafter sent a copy of the Adversary Complaint to Honda, Daugherty's testimony indicated that: (1) Honda does not manually process its bankruptcy notices and instead relies on a third-party vendor ("BANKO") to update its records; (2) BANKO did not apprise Honda of Session's Chapter 13; (3) such failure resulted from BANKO's inability to match the Chapter 13 with Honda's account records due to missing or

---

that dismissal of an action with prejudice "is a sanction of last resort". Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)(citing *State Exchange Bank v. Hartline,* 693 F.2d at 1352 (quoting *EEOC v. First National Bank,* 614 F.2d 1004, 1007 (5th Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981)). Therefore upon consideration of the posture of this case, the fact that summary judgment on liability has already been entered and the record contains information upon which a damages award may be rendered, the Court hereby DENIES Defendant's request to dismiss with prejudice finding that it would yield an unnecessarily harsh result in this instance.

inconsistent information in Session's initial petition[4]; (4) Session did not personally call Honda to advise of the bankruptcy; (5) the delay[5] in addressing the allegations in this adversary was attributable to holiday office closure and Daugherty's absence from the office due to a death in the family; (6) when he returned to the office on January 10 and checked on the status of the Vehicle, it had already been sold to a third-party; and (7) the Vehicle sold at auction for $7700.00. Daugherty also testified that Honda has since amended its internal processes to notify additional employees when adversary complaints are received to ensure prompt handling.

## LEGAL ANALYSIS

Section 362(k) of the Bankruptcy Code provides that an individual injured by any willful violation of stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. An act is deemed to be a willful violation under 362(k) if the defendant knew of the automatic stay, and intentionally committed the act regardless of whether the violator specifically intended to violate the stay. *Jove Eng'g v. IRS,* 92 F.3d 1539, 1555 (11th Cir.1996). "A willful violation of the automatic stay does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) [now 362(k) ] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." In re Roche, 361 B.R. 615, 622 (Bankr. N.D. Ga. 2005)(citing *In re Smith,* 296 B.R. 46 at 55 (M.D. Ala. 2003); *See also*, *Fleet Mortg. Group, Inc. v. Kaneb,* 196 F.3d 265, 269 (1st Cir.1999).

---

4 Session did not include her social security number in her initial petition filed November 23, 2018; however, she subsequently corrected the omission on November 29, 2018.

5 The record reflects that this Adversary along with Session's Motion for Turnover were filed on December 12, 2018, nearly a month prior to Honda's disposition of the Vehicle. (Doc.1).

As noted above, this Court previously held that Honda violated the automatic stay when it repossessed and disposed of the Vehicle post-petition. The 2019 Order noted that Honda was properly served with notice of the Chapter 13, was imputed with the knowledge that the automatic stay was in effect when it repossessed and disposed of the Vehicle and that Session was harmed thereby. (Doc. 63 at 5). Hence, Honda's action actions constituted willful violations of the automatic stay and the Court must now determine the appropriate damages therefore.

Actual Damages

By definition, "actual damages" are "real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury . . ." *In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005)(citing, *McMillian v. FDIC,* 81 F.3d 1041, 1054 (11th Cir.1996) (quoting BLACK'S LAW DICTIONARY (6th Ed.1991)). Section 362(k) "requires a finding of actual injury." In re Hutchings, 348 B.R. 847, 912 (Bankr. N.D. Ala. 2006)(*citing*, *Archer v. Macomb County Bank,* 853 F.2d 497, 500 (6th Cir.1988); *See also, Whitt v. Philadelphia Housing Auth. (In re Whitt),* 79 B.R. 611 (Bankr.E.D.Pa.1987) ( "[N]o damages will be awarded as a result of the violation of the automatic stay if there was no evidence that the debtor suffered any harm."). "A damage award must not be based on 'mere speculation, guess, or conjecture.'" *Id.* at 499. When damages are sought for violation of the automatic stay, the party seeking damages bears the burden of proof. *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (6th Cir. BAP 1999); *In re Skeen,* 248 B.R. 312, 316 (Bankr.E.D.Tenn.2000); *Boone v. F.D.I.C. (In re Boone)*, 235 B.R. 828, 833 (Bankr.D.S.C.1998). Notwithstanding the forgoing, it is generally recognized that a court may take judicial notice of its own records. Fed. R. Evid. 201(b)(2); U.S. v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

5

Case 18-00065    Doc 179    Filed 05/18/21    Entered 05/18/21 09:53:55    Desc Main
Document      Page 5 of 12

Session suffered actual damages due to Honda's violation of the automatic stay. Specifically, she suffered the loss of her Vehicle. Although Session did not appear at the setting to present evidence on her own behalf, the Court deems it appropriate to adjudicate this matter on the merits to the extent possible by considering undisputed facts and taking judicial notice of the record. Honda's pretrial brief, stated in pertinent part, " . . .Defendant acknowledges that Plaintiff is entitled to compensation for the loss of equity in the Civic." (Doc. 172, FN 1). Further, Daugherty's testimony quantified Session's equity in the vehicle more favorably than Session's own bankruptcy petition. Specifically, Daugherty indicated that as of the Petition Date, the value of the Vehicle was $9700.00 and the lien thereon was $8450.95.

The Court found Daugherty's testimony as a professional in the industry and custodian of Honda's business records credible with regard to the Vehicle valuation and payoff. To the extent Session previously alleged additional actual or consequential damages, as she failed to appear, testify or present any information to quantify any such claims, this Court does not have sufficient evidence before it to render any award therefore. Accordingly, the Court hereby finds that Session sustained actual damages in the amount of $1249.05 for her loss of equity in the Vehicle due to Honda's violation of the automatic stay.

## Punitive Damages

Section 362(k) authorizes the Court to award punitive damages in "appropriate circumstances." *In re Stephens,* 495 B.R. 608 (Bankr.N.D. Ga. 2013)(citing, *In re Roche,* 361 B.R. 615 (Bankr.N.D.Ga.2005). Punitive damages may be imposed to further legitimate interests in punishing unlawful conduct and deterring its repetition. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Since the Bankruptcy Code does not specify what constitutes appropriate circumstances for the imposition of punitive damages for violation of

the stay, it is left to the sound discretion of the bankruptcy court. *In re Hodge*, 367 B.R. 843 (Bankr. M.D.Ala.2007). In determining whether circumstances exist for an award of punitive damages under § 362(k), Courts have relied on a variation of the following factors including: (1) the nature of the defendant's conduct; (2) the nature and extent of the harm to the plaintiff; (3) the defendant's ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor. *See In re Wagner,* 74 B.R. 898, 905 (Bankr.E.D.Pa.1987); *Heghmann v. Indorf (In re Heghmann),* 316 B.R. 395, 405–406 (1st Cir. BAP 2004); *Keen v. Premium Asset Recovery Corp. (In re Keen),* 301 B.R. 749, 755 (Bankr.S.D.Fla.2003); *Bishop v. U.S. Bank/Firstar Bank, N.A. (In re Bishop),* 296 B.R. 890, 898 (Bankr.S.D.Ga.2003).

This Court believes it appropriate to enter an award of punitive damage under the facts of this case. The primary factors favoring such award are the nature of Honda's conduct, the extent of harm to Session and Honda's ability to pay.

*The Nature of Honda's Conduct Warrants Punitive Damages*

Although the Court does not find Honda's conduct to be malicious, it finds Honda's failure to employ adequate processes to insure the proper, timely processing of not only the Chapter 13 but also this Adversary sufficient to warrant punitive damages. Despite Daugherty's testimony that Honda was not notified of the Chapter 13 by BANKO, the vendor it retains for that purpose, there was no dispute that notice of Session's Chapter 13 filing ("Notice") was sent to Honda. Even though Honda contends that Session's different address and failure to include her social security number on the initial petition was an impediment to BANKO's system matching account records initially, such does not excuse the violation.

In the view of the Court, had a modicum of due diligence been exercised, Honda could have obtained the necessary information, properly notated the account and prevented the repossession altogether. Specifically, the social security number was corrected on the record in the Chapter 13 approximately a week before the repossession and the Notice provided an address and phone number by which a creditor could reach out to seek further information necessary to properly code the account. No evidence of any such efforts was offered. To the contrary, Daugherty's testimony revealed that Honda maintains a mailbox for bankruptcy notices, but that mailbox is unmonitored, and in the interest of perceived efficiencies instead relies on BANKO to electronically update its systems.

Unfortunately, the facts of this case expose a flaw in such methodology as it does not account for cases wherein an initial filing may be incomplete, in error, or subsequently amended. A simple Pacer search of Session's social security number on the day of the repossession could have easily prevented the resulting sequence of unfortunate events. A bad situation was made worse by Honda's additional failure to timely process the Adversary Complaint allowing the Vehicle to be sold to a third party during the pendency of the Proceedings. Hence, Honda's systemic deficiencies, mishandling (or simply ignoring) multiple notices, and failure to exercise due diligence constituted violations of law which deprived Session of the protections afforded under the Bankruptcy Code. In the view of this Court, such conduct supports an award of punitive damages.

*The Harm Suffered By The Debtor Supports Awarding Punitive Damages*

The extent of harm suffered by Session supports an award of punitive damages. It is undisputed that Session suffered the loss of her Vehicle. According to her Chapter 13 Petition, the 2015 Civic was her only asset. The Court surmises that retention of the Vehicle was likely

8

Session's sole reason for filing the Chapter 13 since her schedules reflect that she had no other debts. Further, after the wrongful repossession, Session filed this Adversary seeking return of the Vehicle and that too proved futile as Honda subsequently sold the Vehicle anyway. As noted above, Session's interest in the Vehicle was her equity of $1249.05. In light of Session's limited resources, lack of other assets, and extensive efforts to save her Vehicle, the Court construes the nature and harm suffered by Session to be substantial enough to support a punitive damages award.

*The Defendant's Ability To Pay Also Favors A Punitive Damages Award*

Lastly, in considering the Defendant's ability to pay, such factor also weighs in favor of awarding punitive damages. Honda is not an individual of modest means but rather a corporation operating on a national basis which routinely provides retail financing for vehicles. Hence, Honda has the resources not only to institute processes and take actions to prevent violations as occurred in this case but also to pay such award without jeopardizing its viability. Therefore, an award of punitive damages serves the purpose of sending a message to Honda that the Court finds its bankruptcy processes lacking, its handling of this matter negligent and modifications to its processes necessary to ensure no violations of this nature occur in the future.

*Computation of Punitive Damages*

The United States Supreme Court has provided three guideposts in determining the appropriateness of a punitive damages award. *In re Hodge, 367 B.R. 843, (Bankr. M.D. Ala. 2007) (*citing*, BMW of N. Am., Inc. v. Gore,* 517 U.S. 559 , 574 , 116 S.Ct. 1589, 1598, 134 L.Ed. 2d 809 (1996)). They include: 1) reprehensibility of the wrongdoing; 2) the disparity between the harm suffered by the plaintiff (compensatory damages) and the punitive damage award; and 3) the difference in the punitive damage awarded here and those imposed in comparable

9

cases. *Id.* Further, courts should also consider whether the amount of punitive damages serves the interest of deterrence. *Id.* The degree of reprehensibility of the defendant's conduct is perhaps the most important consideration in determining the appropriate amount of punitive damages. *Id.* at 560, 116 S.Ct at 1591. Assessing the reprehensibility of the defendant's conduct involves consideration of a number of aggravating factors including whether: (1) the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (4) the harm was the result of intentional malice, trickery, or deceit, or mere accident. *In re Hodge* at 849 (citing, *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419, 123 S.Ct. 1513, 1521, 155 L.Ed.2d 585 (2003) (citations omitted)).

Applying the above analysis to this case, the Court finds the presence of aggravating factors warrant punitive damages as a multiplier of Session's compensatory damages. Honda's actions and inactions include: (1) disregarding mailed and emailed notices; (2) failing to check for bankruptcy filings at critical points of servicing (such as immediately prior to repossession and disposition of collateral) and (3) neglecting to employ processes to cover the eventualities of bankruptcy filings around holidays and in the absence of personnel from the office. These failures are reprehensible. This is especially true considering Honda's stature, resources and volume of loans. Bankrupt debtors are some of the most financially vulnerable individuals in our society and in this case, the Creditor failed not only to properly process the Chapter 13 filing but also neglected to appropriately handle the Adversary Proceeding.

Notwithstanding the forgoing, the Court also finds it appropriate to take into account additional factors that serve to mitigate the punitive damages award. The Court has considered

10

Daugherty's testimony regarding Honda's remedial measures and believes it supports a downward adjustment of the potential punitive damages amount. In light of the forging, the Court determines that an appropriate amount of punitive damages in this action is three (3) times compensatory damages, which totals $3747.15.

Attorney's Fees and Costs

Although, §362(k) provides in pertinent part that " . . an individual injured by any willful violation of stay shall recover actual damages, including **costs and attorneys' fees** . . ." it is generally understood that a pro se party cannot recover attorney's fees for representing herself. *DeBose v. USF Bd. of Trustees,* 811 F. App'x 547, 556–57 (11th Cir. 2020), cert. denied sub nom. DeBose, Angela W. v. Univ. of South Florida, et al., No. 20-1140, 2021 WL 1520827 (U.S. Apr. 19, 2021)(citing, *Kay v. Ehrler*, 499 U.S. 432, 435–38, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In this case Session has not offered any evidence to establish that she has engaged the services of a licensed attorney or incurred any attorney's fees whatsoever in relation to this Adversary. Additionally, court records reflect that the filing fee for this Adversary was waived. Thus, there is no basis for an award of attorney's fees or costs in this matter.

## **CONCLUSION**

Based upon the forgoing, this Court hereby finds it appropriate to award Session compensatory and punitive damages as the result of Honda's violation of the automatic stay. Accordingly, it is ORDERED, ADJUDGED and DECREED that Plaintiff, O'Neal Taylor Session

is hereby awarded a judgment in the amount of $4996.20 ($1249.05 compensatory damages and $3747.15 punitive damages) against the Defendant, American Honda Finance Corporation.[6]

It is further ORDERED that the Plaintiff, O'Neal Session shall file a notice with this Court and mail a copy to Honda and its counsel of record within 60 days of this Order providing the address to which she elects to have such payment remitted. In the event that Session fails to designate an address for Honda to remit payment to satisfy this judgment, Honda shall remit the funds to the Clerk of the Bankruptcy Court, to be placed in the Court registry in an interest bearing account until such time as Session seeks remittance thereof.

Dated: May 18, 2021

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

---

[6] To the extent that the sundry assortment of Session's pleadings in this Adversary proceeding could potentially be construed to assert claims against any other person or entity, such claims are not properly before the Court for adjudication as no other person or entity was properly joined as a Defendant in this action.